

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-17-00180-CV**

**PAPE PARTNERS, LTD,**
**GLENN R. PAPE AND**
**KENNETH W. PAPE**

Appellants

 **v.**

**DRR FAMILY PROPERTIES LP**
**AND LOUISE W. CHAMPAGNE,**

Appellees

**From the 74th District Court**
**McLennan County, Texas**
**Trial Court No. 2017-1724-3**

**DISSENTING OPINION**

THE COON HUNT

The most embarrassing thing for a coon dog is to bark up the wrong tree. Sometimes a coon will go up one tree, walk across the tree tops to another tree and come back to the ground and escape the dogs and hunters. Some coon dogs, however, learn this escape tactic and either follow movement of the coon in the treetop (which is difficult

to do since most coon hunts are at night) or periodically make wide sweeping circles around the tree to make sure the coon has not walked the tree tops and come back to the ground from another tree. The really good coon dogs never continue to bark up the wrong tree.

In this case, the Papes realized that the issue they were chasing was not in the TCEQ-administrative tree. Rather, the issue that needed to be decided was up another tree; the district-court-ownership-determination tree. They were initially barking up the wrong tree, but they made a big sweeping circle and found the tree to which the coon had moved. I think the Papes are now barking up the right tree. My colleagues, however, have concluded that the Papes must stay with the first tree even though it appears the first tree is useless to them because there is no coon in that tree. Thus, I will endeavor to briefly explain why they should not be required to continue to bark up the wrong tree.

## THE IMPORTANCE

Any person who owns a right to surface water, and attorneys who regularly litigate title issues, particularly those that may also involve ownership of water rights, whether as part of a conveyance of property or as a severed property right, draw near and listen. If this Court's holding is correct, any effort to determine the ownership of surface water rights must be pursued solely through the administrative process before the TCEQ. Because I do not believe that is the proper holding in this appeal, I respectfully dissent.

## WATER RIGHTS

I will not recount the lengthy and colorful history recognizing that the right of access to and use of water is a valuable right. I will pick up with the story in 1967 when Texas passed the Texas Water Rights Adjudication Act (TWRAA). *See* TEX. WATER CODE ANN. §§ 11.301 et seq. In this Act, the legislature used a phrase "water rights adjudication." The phrase became a short-hand reference to the delegation to regulate the conservation of the natural resource of surface water by determining the amount of use, place of use, purpose of use, point of diversion, rate of diversion, and in the appropriate situation, included the acreage to be irrigated.

This meaning of the phrase was thus well established by the time the legislature used it roughly 18 years later when it delegated to the TCEQ in the Texas Water Code "general jurisdiction over water and water rights including the issuance of water rights permits, *water rights adjudication*, cancellation of water rights, and enforcement of water rights." TEX. WATER CODE ANN. § 5.013(a) (emphasis added). The legislature did not grant the TCEQ jurisdiction to adjudicate title, in effect ownership, of water rights which is the traditional role of the courts. And there are serious constitutional arguments against such a grant if attempted.

Moreover, it appears such an effort to strip the courts of such a role would be unworkable within the current TCEQ framework.

## EXCLUSIVE JURISDICTION OF TCEQ?

If the TCEQ "exclusive jurisdiction" argument of appellee is accepted, every ownership dispute of water rights must be submitted to TCEQ for a determination. This would mean that every will contest, every contract, every deed, and every other dispute (including claims of adverse possession) over a water right would have to be decided by the TCEQ even though other and directly related ownership interest in property would have to be decided by a court in the judicial branch. Such a system of separating ownership determinations could lead to directly conflicting results.

The TCEQ regulatory system is not structured to determine ownership. It is a system that is designed to track recorded ownership, not to determine ownership. The system looks at the title documents, it may apply some of its internal rules, and determine who, according to the chain of title established by those title documents, owns the water right. That is as far as the TCEQ's "jurisdiction" goes.

If there is a dispute about whether a water right was transferred or not, the TCEQ, which is in the administrative branch of government, is not the place to adjudicate that issue. Rather, a court in the judicial branch is where ownership of these water rights is properly determined. Nowhere is the fallacy of the appellee's argument more apparent than a determination of ownership based on adverse possession. In such a dispute, there is normally no title document upon which the TCEQ can establish a chain of title until a court renders a judgment adjudicating ownership of the property right, thus determining

title.   And how unworkable would the system be if the title by adverse possession of real property had to be done in a court while adverse possession of a water right appurtenant to that same real property had to be adjudicated by the TCEQ because it had "exclusive jurisdiction" as argued by the appellee.

## CONCLUSION

In deference to the decision made by a majority of this Court, and in the interest of time, a more detailed discussion of the cases and arguments of the parties will yield to this more general discussion of the issue.[1]  But that is a serious and difficult issue that could adversely impact any person that needs to adjudicate ownership of a water right so that they can present a proper and valid chain of title for that water right to the TCEQ.

I find no fault with what the Papes have done.  When the Papes realized they were barking up the wrong tree at the TCEQ, they shifted to the correct tree - a court in the judicial branch.  Accordingly, I respectfully dissent to the Court's affirmance of the trial court's dismissal of their suit to litigate ownership of the water rights at issue in this proceeding.  I would reverse the trial court and remand this proceeding to the trial court for further proceedings to litigate the merits of their dispute over the ownership of those

---

[1] Both parties have provided extensive briefing and case analysis which is readily available on the Court's case management system, *aka* TAMES.  While it would serve no useful purpose here to rehash their arguments, it appears both have assumed the extreme positions that are beyond the scope of the relatively narrow issue before the Court and that the answer to that issue is somewhere in the middle of their more extreme positions.

water rights.

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed January 29, 2020

